UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL J. MANSI<br>VS. | JURY TRIAL DEMANDED |
| LAW OFFICE OF HOWARD LEE SCHIFF,<br>PORTFOLIO RECOVERY ASSOCIATES, LLC | CASE NO. 3:15cv00558<br><br>JUNE 23, 2015 |

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

Pursuant to Rule 12(b)(6) or (f), plaintiff moves to dismiss the defendant's Affirmative Defenses (Doc. No. 13) for insufficiency or failure to state a claim.

A memorandum is submitted herewith.

THE PLAINTIFF
MICHAEL J. MANSI

_____S/Peter Lachmann_____
PETER A. LACHMANN
HIS ATTORNEY
250 WEST MAIN STREET
BRANFORD, CT 06405
Ph(203) 488-6793
Fax(203) 488-6814
Email: Peter.lachmann@sbcglobal.net
Fed Bar # CT23757

Certificate of Service

I hereby certify that on June 23, 2015 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        <u>S/Peter Lachmann</u>
PETER A. LACHMANN
HIS ATTORNEY
250 WEST MAIN STREET
BRANFORD, CT 06405
Ph(203) 488-6793
Fax(203) 488-6814
Email: Peter.lachmann@sbcglobal.net
Fed Bar # CT23757

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL J. MANSI
VS.                                                                                    JURY TRIAL DEMANDED

LAW OFFICE OF HOWARD LEE SCHIFF,                    CASE NO. 3:15cv00558
PORTFOLIO RECOVERY ASSOCIATES, LLC

JUNE 24, 2015

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

This action claims relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") Creditor Collection Practice Act CGS36a-648 ("CCPA") and Connecticut Unfair Trade Practices Act CGS 42-110a et seq. Since the FDCPA is a federal statutory cause of action, the defenses are limited to those set out in the statute itself. Howlett v. Rose, 496 U.S. 356, 375 (1990) ("The elements of, and the defenses to, a federal cause of action are defined by federal law."); *see also* Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 232 (4th Cir. 2007) ("To insist that some unarticulated, common law immunity survived the creation of the FDCPA would be to fail to give effect to the scope of the immunity articulated in the text"). The FDCPA is a strict liability statute. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996). Other than that it applies to creditors, the CCPA parallels the FDCPA in almost all respects; see Liensfactors, LLC v. Kung, Superior Court, Judicial District of Middlesex at Middletown, Docket No. CV09-5006629 (July 9, 2010,

Burgdorff, J.)

An affirmative defense is the "'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" <u>Saks v. Franklin Covey Co</u>., 316 F.3d 337, 350 (2nd Cir. 2003).   In an FDCPA case, there are only three defenses under §1692k(c)-(e): statute of limitations, reliance on an FTC advisory opinion, and bona fide error.

The Court may strike from defendant's answer "any insufficient defense," Fed. R. Civ. P. 12(f), so as to streamline the ultimate resolution of the case and avoid the waste of time and money involve in litigating spurious issues, by eliminating those issues early on. <u>Kelley v. Thomas Solvent Co.</u>, 714 F. Supp. 1439, 1442 (W.D. Mich. 1989).

<u>FIRST AFFIRMATIVE DEFENSE</u>

As to the First Affirmative Defense, "At all times Defendants fully complied with the provisions of the Fair Debt Collection Practices Act." This does not qualify as an affirmative defense under Rule 8(c ) but is simply a mere conclusion of law.

<u>SECOND AND THIRD AFFIRMATIVE DEFENSE</u>

The Second and Third Affirmative Defenses are not only false but

inadequately plead. They seem to assert some form of equitable estoppel or fraud as an affirmative defense. There is no fraud exception to the FDCPA. Irwin v. Mascott, 96 F. Supp. 2d. 968 (N.D. Cal. 1999). In addition Plaintiff seeks only statutory damages under the FDCPA and does not seek equitable relief from the court. See Herman v. National Enterprise Systems, Inc., (DK 07-CV-337S(F)) (US District Court) (W.D. New York) (September 10, 2008) (Attached as Exhibit A) "Here a careful reading of the complaint reveals Plaintiff seeks only money damages as available under the FDCPA and Plaintiff's state law claim….As Plaintiff does not seek equitable relief, Defendant's unclean hands affirmative defense is wholly irrelevant to any of Plaintiff's claims for relief, and cannot defeat Plaintiff's claim for monetary relief."

FOURTH AFFIRMATIVE DEFENSE

Defendant's Fourth Affirmative Defense "Defendants are not liable for the fraudulent acts of Plaintiff's son, Michael A. Mansi, by using his father's name and identify to obtain a credit account from Citibank N.A." is also a mere irrelevant conclusion of law and should be stricken.

FIFTH AFFIRMATIVE DEFENSE

Defendant's Fifth Affirmative Defense likewise does not amount to a

defense under the FDCPA. The defense which seeks to blame "account information which may have not been accurate," on Defense counsels other client, Portfolio Recovery Associates, LLC is not only an invalid defense but presents a conflict of interest.

### SEVENTH, EIGHTH, NINTH AND TENTH AFFIRMATIVE DEFENSE

Defendants Seventh, Eighth, Ninth and Tenth Affirmative Defenses contains inapplicable State Law Theories which would not disprove the Plaintiff claim if true. Moreover Plaintiff has not requested damages for injuries sustained.

The defenses should be stricken because they do not contain a short and plain statement of any facts supporting the defense, as required by Fed. R. Civ. P. Rule 8.  Schechter v. Comptroller of City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) (affirmative defenses stricken for barebone and conclusory allegations).

> Affirmative 'defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.' *National Acceptance Co. of Am. v. Regal Prods., Inc.,* 155 F.R.D. 631, 634 (E.D. Wis. 1994).

Schechter, 79 F.3d at 270.

### CONCLUSION

Defendant's conclusory defenses should be stricken for insufficiency or failure to state a claim, since they are without legal or factual support.

THE PLAINTIFF
MICHAEL J. MANSI

_____S/Peter Lachmann_____
PETER A. LACHMANN
HIS ATTORNEY
250 WEST MAIN STREET
BRANFORD, CT 06405
Ph(203) 488-6793
Fax(203) 488-6814
Email: Peter.lachmann@sbcglobal.net
Fed Bar # CT23757

Certificate of Service

I hereby certify that on June 23, 2015 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

_____S/Peter Lachmann_____
PETER A. LACHMANN
HIS ATTORNEY
250 WEST MAIN STREET
BRANFORD, CT 06405
Ph(203) 488-6793
Fax(203) 488-6814
Email: Peter.lachmann@sbcglobal.net
Fed Bar # CT23757